IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW PROPPS,

    Plaintiff,                                     CV F 04 6443 AWI WMW P

    vs.                                           ORDER RE: FINDINGS &amp;
                                                 RECOMMENDATIONS (#12)

COMMISSIONER VAROGS, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

        On April 11, 2005, the Magistrate Judge the Magistrate Judge concluded that the complaint must be dismissed.  The Magistrate Judge gave notice of the pleading deficiencies in the complaint, namely that the allegations in Plaintiff's complaint were vague and conclusory.  The Magistrate Judge then granted Plaintiff leave to filed an amended complaint within thirty

1

days.

After more than thirty days passed without Plaintiff filing an amended complaint, on June 14, 2005, findings and recommendations were entered, recommending dismissal of this action for failure to state a claim upon which relief can be granted. Plaintiff was provided an opportunity to file objections within thirty days. Plaintiff has not filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. No complaint is currently on file in this action, and this case cannot proceed with a complaint on file. Further, the original complaint was properly dismissed for failure to state a claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

The court cannot manage its docket if it maintains cases in which a plaintiff fails to keep an operative complaint on file by filing an amended complaint. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to file an amended complaint. The public and the court have no interest in determining the truth or falsity of the allegations that Plaintiff might raise in an amended complaint if Plaintiff never files an amended complaint. The availability of less drastic sanctions has been considered, but given that no complaint is on file, the court has no effective sanction but to close the case.

1       Accordingly, THE COURT HEREBY ORDERS that:

2       1. The Findings and Recommendations issued by the Magistrate Judge on June 14, 2005, are adopted in full; and

4       2. This action is dismissed without prejudice for failure to prosecute. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:**   **August 12, 2005**          /s/ **Anthony W. Ishii**
0m8i78                                 UNITED STATES DISTRICT JUDGE